**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BLAKE HIGGINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **11-CV-90-JHP-TLW** |
| | ) | |
| **STATE AUTO PROPERTY &** | ) | |
| **CASUALTY INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**[1]

Before the Court are Plaintiff's Sixth Motion *in Limine,*[2] Defendant's Response to Plaintiff's Sixth Motion *in Limine,*[3]Plaintiff's Reply to Defendant's Response to Plaintiff's Sixth Motion in *Limine*,[4] Defendant's Motion to Exclude Testimony of Plaintiff's Expert Mort G. Welch, Esq.,[5] Plaintiff's Response in Opposition to Defendant's Motion to Exclude Testimony of Plaintiff's Expert Mort G. Welch, Esq.,[6] and Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Exclude Testimony of Plaintiff's Expert Mort G. Welch, Esq.[7]

[1]Page number citations in this Opinion and Order refer to the CM/ECF pagination.

[2]Docket No. 146.

[3]Docket No. 241.

[4]Docket No. 296.

[5]Docket No. 147,

[6]Docket No. 248.

[7]Docket No. 291.

## BACKGROUND

The instant case arises from a claim for uninsured motorist benefits related to a September 27, 2009 automobile accident in which Plaintiff was struck by another vehicle.[8] Following this Court's summary judgment ruling, Plaintiff maintains claims for Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing (Bad Faith).[9] In support of his claim of Bad Faith, Plaintiff offers the testimony of Mort G. Welch Esq., a practicing attorney and purported expert on issues of insurance company standards, claims handling, and Bad Faith.[10] In rebuttal of Mr. Welch, Defendant offers the testimony of Arthur T. Bates, a 39 year veteran of the claims department at the Hartford Financial Services Group, Inc.[11] Each party objects to the opposing party's witness. Both parties cite that the other's witness offers unhelpful, and therefore unreliable opinions that invade the province of both the Court and the jury.[12] The Court agrees.

## DISCUSSION

### A. Standard of Decision

The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals Inc.* was codified in Federal Rule of Evidence 702 and provides the standard for admissibility of expert opinion testimony: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product

---

[8]Plaintiff's Motion at 5, Docket No. 138; Defendant's Response at 5, Docket 202.

[9]*See* Docket No. 288.

[10]*See* Docket No. 300; Plaintiff's Response in Opposition to Defendant's Motion to Exclude Testimony of Plaintiff's Expert Mort G. Welch, Esq. at 2-3, Docket No. 248.

[11]Defendant's Response to Plaintiff's Sixth Motion *in Limine* at 2, Docket No. 241.

[12]*See* Plaintiff's Sixth Motion *in Limine* at 6, Docket No. 146; Defendant's Motion to Exclude Testimony of Plaintiff's Expert Mort G. Welch, Esq. at 6, 12, Docket No. 147.

of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[13]

In determining the admissibility of proffered expert testimony, the Court must conduct a two-pronged inquiry as to the reliability and relevance of the proffered testimony.[14] In assessing the reliability of expert testimony the Court must initially determine whether the proffered expert is qualified to offer an opinion on the pertinent issues of the case.[15] A qualified expert possesses the necessary knowledge, skill, experience, training, or education relevant to the facts at issue.[16] The reliability prong then requires inquiry as to "whether the reasoning or methodology underlying the testimony is scientifically valid."[17] A sponsoring party need not prove that the expert's testimony is undisputed or generally accepted, merely that the method employed by the expert in reaching the conclusion is both scientifically sound and that the expert's opinion is based on "facts which sufficiently satisfy Rule 702's reliability requirements."[18]

The relevance prong requires that the proposed testimony be sufficiently "relevant to the task at hand," and that any proffered testimony "assist the trier of fact to understand or to determine a fact in issue."[19] This second aspect of the relevance analysis weighs heavily on the admissibility or

---

[13]Fed.R.Evid. 702.

[14]*Bitler v. A.O. Smith Corp.,* 400 F.3d 1227, 1232 (10th Cir.2004).

[15]*Ralston v. Smith & Nephew Richards Inc.,* 275 F.3d 965, 969 (10th Cir.2001).

[16]*Id.*

[17]*Daubert,* 509 U.S. 579, 592-93, 113 S.Ct 2786, 125 L.Ed.2d 469 (1993).

[18]*See Truck Ins. Exch. v. Magnetek, Inc.,* 360 F.3d 1206, 1210 (10th Cir.2004).

[19]*Daubert,* 509 U.S. at 592-93, 597. *See also Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct 1167, 143 L.Ed.2d 238 (1999).

inadmissibility of proffered expert testimony. In fact, the Tenth Circuit has stated that the "touchstone of admissibility is helpfulness to the trier of fact."[20]

In this instance, the Court need not address the qualifications of the proffered witnesses or the reliability of their methods, as the relevance of their testimony is beyond suspect. The Report of Plaintiff's expert Welch, and thus his eventual testimony, presents an intricate, comprehensive, and opinionated view of Oklahoma insurance law. In fact, Welch's "Expert Report" appears more akin to an *amicus* brief or law review note, with extensive, and often argumentative, citations to Oklahoma law that support Welch's opinions on the case.[21] Perhaps this dissertation on Bad Faith law could aid the Court's legal analysis, however any presentation of Welch's detailed ruminations on the law to the jury would be both unhelpful and inappropriate, as any such presentation would likely lead to confusion and would ultimately subvert the role of the Court as the sole judge of the law applicable to a given case.[22]

Similarly unhelpful are Welch's opinions as to industry standards and his detailing of the multiple ways in which Defendant allegedly breached the duty of good faith and fair dealing in relation to those standards. Welch's opinion on whether or not Defendant breached its duty is at best superfluous, and at worst, would serve to confuse the issues of this already complicated case. In

---

[20]*Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10thCir.1994); *see also North American Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc*., 579 F.3d 1106, 1112 (10th Cir.2009).

[21]*See, e.g.* Expert Report of Mort G. Welch, Esq. at 11, n. 12-13, 5, n. 56-58, Docket No. 300-1.

[22]*See Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988), *cert. denied*, 488 U.S. 1008 (1989) ("In no instance can a witness be permitted to define the law of the case"); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[I]f an expert witness were allowed to testify to legal questions, each party would find an expert who would state the law in the light most favorable to its position. Such differing opinions as to what the law is would only confuse the jury").

addition to being unhelpful, Welch's opinion purports to answer the ultimate issue of fact in this case, impermissibly invading the fact-finding province of the jury.[23] As the Court in the Eastern District of Oklahoma succinctly stated: [t]he jury in this case, equipped with appropriate instructions, will be perfectly capable of assessing Plaintiff's conduct for the purpose of determining whether or not Plaintiff . . . breached their standard of care."[24] When expert testimony is offered on an issue that a jury is capable of assessing for itself, that testimony may be held inadmissible "because it would not even marginally assist the trier of fact."[25] Such is the case with the opinions of Mr. Welch. Consequently, the Court concludes that the whole of Welch's testimony is not relevant as it fails to assist the trier of fact in understanding and determining any fact in issue and it further impermissibly invades the Court's role in instructing the jury as to the applicable law and the jury's role in applying that law to the facts at hand. As it lacks relevance to this proceeding, Welch's testimony is inadmissable.

The opinions of Defendant's expert Mr. Bates suffer from a similar malady. Bates' report serves only as a vehicle for Bates to rebut Welch's opinions, offering multiple assessments as to the reasonableness of Defendant's actions at each stage of Plaintiff's claims process.[26] Some of the

---

[23]*Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 889 (10th Cir. 2006) ("Although any witness may offer an opinion as to an ultimate issue to be decided by a jury, this opinion should not unduly invade the province of the jury when the assistance of the witness is unnecessary") (*citing United States v. Dazey*, 403 F.3d 1147, 1172 (10th Cir. 2005)).

[24]*North American Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.*, 2007 WL 2688167, *3 (E.D.Okla.,Sept. 10, 2007).

[25]*Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (*internal quotations omitted*).

[26]*See* Report of Arthur T. Bates at 9, Docket No. 146-1 (citing reasonableness of all of Defendant's actions).

actions addressed by Mr. Bates have already been settled by this Court.[27] All that remains are disputed issues related to the reasonableness of Defendant's conduct with respect to its investigation, evaluation, and delay of payment of Plaintiff's claim. When, as in this case, there is a difference of opinion as to the reasonableness of an insurer's conduct, that question is always determined solely by the trier of fact.[28] A properly instructed jury is fully capable of making that determination based on the facts presented without the assistance of Mr. Bates' opinion. As such, Mr. Bate's opinion is both unhelpful to, and invades the province of, the jury as the trier of fact. It is therefore similarly inadmissable.

**CONCLUSION**

. For the reasons cited herein, both Plaintiff's Sixth Motion *in Limine*,[29] and Defendant's Motion to Exclude Testimony of Plaintiff's Expert Mort G. Welch, Esq.[30] are **GRANTED**.

IT IS SO ORDERED, this 21st day of June, 20112.

James H. Payne
United States District Judge
Northern District of Oklahoma

[27]See *id.* at 7-8 (opinions on alleged failure to disclose policy limits, make an advance payment); Opinion and Order at 7-8, 12, Docket No. 288.

[28]*Newport v. USAA*, 2000 OK 59, ¶11, 11 P.3d 190, 195 (*internal quotations omitted*) (*quoting McCorkle v. Great Atl. Ins. Co.*, 1981 OK 128, ¶21, 637 P.2d 583, 587).

[29]Docket No. 146.

[30]Docket No. 147,