**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BLAKE HIGGINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 11-CV-90-JHP-TLW |
| | ) | |
| **STATE AUTO PROPERTY &** | ) | |
| **CASUALTY INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER[1]

Before the Court are Defendant's Motion *in Limine* and Supporting Brief,[2] Plaintiff's Response to Defendant's Motion *in Limine*,[3] and Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion *in Limine*.[4] Because the matters overlap, the Court also reviews Defendant State Auto Property and Casualty Company's Motion to Exclude Plaintiff's Witness, George Hopkins,[5] and Plaintiff's Brief in Opposition to Defendant's Motion to Exclude Witness George Hopkins.

---

[1] Page number citations in this Opinion and Order refer to the CM/ECF pagination.

[2] Docket No.'s 140, 154. *Also* Defendant's Errata/Correction of Docket No. 154 at Docket 157. Defendant entered an Errata/Correction to this Brief that altered the page numbering of its Motion. Throughout this Opinion and Order the Court references the Errata/Correction filing at Docket No. 157-1.

[3] Docket No. 249.

[4] Docket No. 290.

[5] Docket No. 317.

1

**A. Defendant's Motion** *in Limine*

Defendant's Motion *in Limine* consists of 70 objections to evidence Defendant anticipates Plaintiff will attempt to introduce at trial. The Court has previously ruled on Defendant's Objections 49 through 67.[6] The remaining Objections, 1 through 48 and 68 through 70 consist of one to two sentence objections with little, or in most cases, no supporting argument or legal authority. These objections largely pertain to Defendant's anticipation of Plaintiff presenting generally objectionable arguments.[7] The Court looks briefly to each remaining objection.

Objection Number 1

In its first objection, Defendant seeks to exclude any mention, innuendo, or interrogation regarding the filing of its Motion *in Limine* or any other motion to exclude evidence. Defendant's First Objection is **GRANTED**.

Objection Number 2

In its second objection, Defendant seeks to exclude any mention, innuendo, or interrogation regarding any objection to evidence or legal argument made to the Court out of the presence of the jury. Defendant's Second Objection is **GRANTED**.

Objection Number 3

In its third objection, Defendant seeks to exclude any mention, innuendo, or interrogation regarding the filing of, or Court's ruling on, any motion for summary judgment, special exceptions, discovery motion, or any other motion in this matter. Defendant's Third Objection is **GRANTED**.

---

[6]Docket No. 316.

[7]*See, e.g.,* Defendant's Motion *in Limine* at 4, Docket No. 140 ("23. The Golden Rule argument or any other argument attempting to place jurors in the place of the jurors. 24. Any argument or suggestion that a failure to award damages will cause Plaintiff financial hardship").

Objection Number 4

In its fourth objection, Defendant seeks to exclude any mention, innuendo, or interrogation regarding any previous proceedings in which Defendant has been involved in or the outcome of those proceedings. Defendant's Fourth Objection is **GRANTED**.

Objection Number 5

In its fifth objection, Defendant seeks to exclude any mention, innuendo, or interrogation regarding the fact that Defendant has asserted the attorney-client privilege, or any other privilege, or has withheld production of any documents or parts thereof pursuant to such privilege, or that any documents were produced or offered to be produced subject to a protective order. Defendant's request further asks that counsel for Plaintiff shall be prohibited from deliberately asking a question of any witness to provoke such a privilege objection in front of the jury. Defendant's Fifth Objection is **GRANTED**.

Objection Number 6

In its sixth objection, Defendant seeks to prohibit argument or innuendo regarding any request made in the presence of the Jury for Defendant's counsel, representatives or witnesses to "stipulate" or "agree" to any issue or matter or to produce any documents, witnesses, or other evidence, including, but not limited to, items on which an objection is pending or has been sustained. Defendant's Sixth Objection is **GRANTED**.

Objection Number 7

In its seventh objection, Defendant seeks to exclude any mention of or innuendo regarding any sidebar remarks of Plaintiff's counsel at trial. Defendant's Seventh Objection is **GRANTED**.

Objection Number 8

In its eighth objection, Defendant seeks to exclude any evidence or argument that would inform the jury or jury panel of the effect of their answers to the questions submitted by the Court to the jury in this case. Defendant's Eighth Objection is **DENIED**, but may be reurged at trial if appropriate.

Objection Number 9

In its ninth objection, Defendant seeks to prohibit any attempt to compare the wealth of the parties, any reference to the wealth of insurance companies in general, or the wealth of the insurance industry. Defendant's Ninth Objection is **GRANTED**.

Objection Number 10

In its tenth objection, Defendant seeks to prohibit any suggestion, inference, or innuendo that a corporation/insurance carrier is not entitled to the same fair trial as an individual, that an out-of-state corporation/insurance carrier is not entitled to the same fair trial as an Oklahoma resident, or that a corporation/insurance carrier is not entitled to the same access to the court system as an individual. Defendant's Tenth Objection is **GRANTED**.

Objection Number 11

In its eleventh objection, Defendant seeks to prohibit reference to any alleged wrongful acts committed by Defendant or any of Defendant's representatives not involving Plaintiff or this case. Defendant's Eleventh Objection is **GRANTED**.

Objection Number 12

In its twelfth objection, Defendant seeks to exclude any evidence related to other lawsuits against Defendant State Auto or any of its representatives. Defendant's Twelfth Objection is

**GRANTED**.

Objection Number 13

In its thirteenth objection, Defendant seeks to exclude any Oklahoma Insurance Department complaints or any other complaints not involving Plaintiff against Defendant State Auto or any of Defendant's representatives. Defendant's Thirteenth Objection is **GRANTED**.

Objection Number 14

In its fourteenth objection, Defendant seeks to exclude any personal opinion of any witness regarding the merits of the instant case or the credibility of any other witness. Defendant's Fourteenth Objection is **GRANTED**.

Objection Number 15

In its fifteenth objection, Defendant seeks to prohibit any expression of counsel's personal opinion regarding the credibility of any witness or counsel. Defendant's Fifteenth Objection is **GRANTED**.

Objection Number 16

In its sixteenth objection Defendant seeks to exclude the contents of any documents not admitted into evidence with the exception of those documents necessary to establish a predicate for admissibility or for impeachment of a witness on the witness stand. Defendant's Sixteenth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 17

In its seventeenth objection, Defendant asks the Court to prohibit introduction of any photographs, documents, or other tangible evidence which have not already been timely produced in discovery and timely designated as trial exhibits, pursuant to the scheduling order in this case,

except for demonstrative aids based upon such timely produced documents or evidence. Defendant's Seventeenth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 18

Defendant's eighteenth objection seeks to prohibit any effort by Plaintiff to call to testify any fact witness who was not timely identified by name, address, telephone number, and topic of relevant testimony in response to written discovery under the scheduling order deadlines in this matter. Defendant's Eighteenth objection is **GRANTED**.

Objection Number 19

In its nineteenth objection Defendant seeks to prohibit the anticipated testimony of any witness who is absent, unavailable, or otherwise not called to testify at this trial. Defendant's Nineteenth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 20

Defendant's twentieth objection seeks to prohibit Plaintiff from making any attempt to ask for expert opinion testimony in any form, directly or indirectly, from any witness who was not timely identified as an expert witness pursuant to the scheduling order in this case. Defendant's Twentieth Objection is **GRANTED**.

Objection Number 21

Defendant's twenty-first objection seeks to exclude any reference to "insurance reform" or to any group that advocates or promotes a "need for insurance reform." Defendant's Twenty-First Objection is **GRANTED**.

Objection Number 22

Defendant's twenty-second objection seeks to prohibit Plaintiff's counsel from making any

suggestion or inference to the jury that it may use its verdict as a mechanism to effect social change or to "send a message" to other members of the community. Defendant's Twenty-Second Objection is **GRANTED**.

Objection Number 23

In its twenty-third objection, Defendant seeks to prohibit Plaintiff's counsel from using the "Golden Rule" argument or any other argument attempting to place the jurors in the place of the Plaintiff. Defendant's Twenty-Third Objection is **GRANTED**.

Objection Number 24

In its twenty-fourth objection, Defendant seeks to prohibit Plaintiff's counsel from making any argument or suggestion that failure to award damages will cause Plaintiff financial hardship. Defendant's Twenty-Fourth Objection is **GRANTED**.

Objection Number 25

In its twenty-fifth objection, Defendant seeks to exclude any reference to settlement negotiations, the lack of settlement negotiations, or any statements made by parties or their counsel during or concerning settlement negotiations. The prohibition sought would extend to all correspondence and telephone conversations between counsel, but would not exclude evidence of pre-suit offers, demands, or statements. As this Court has previously ruled that certain post-litigation conduct may be admissible, Defendant's Twenty-Fifth Objection is **DENIED**, to be reurged at trial where the Court can better assess the context of the proffered evidence.[8]

Objection Number 26

Defendant's twenty-sixth objection seeks to exclude the post-suit conduct of Defendant's

---

[8]Opinion and Order at 13-14, Docket No. 316.

lawyers or any action taken by Defendant's lawyers in the course of this litigation, including but not limited to defenses raised in the course of litigation conduct. As this Court has previously ruled that certain post-litigation conduct may be admissible, Defendant's Twenty-Fifth Objection is **DENIED**, to be reurged at trial where the Court can better assess the context of the proffered evidence.[9]

Objection Number 27

In its twenty-seventh objection, defendant seeks to exclude from evidence any correspondence between Plaintiff's counsel and Defendant's counsel during this suit relating to procedural issues or settlement. Defendant's Twenty-Seventh Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 28

In its twenty-eighth objection, Defendant seeks to prohibit any attempt by Plaintiff's counsel to question Defendant's employees or witnesses regarding whether Plaintiff should be awarded damages or what damages should be awarded. Defendant's Twenty-Eighth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 29

Defendant's twenty-ninth objection seeks to exclude any affidavits filed in this case unless the affidavit is first properly admitted into evidence, or the affidavit is being used to impeach the affiant. Defendant's Twenty-Ninth Objection is **GRANTED**.

Objection Number 30

Defendant's thirtieth objection seeks to exclude any evidence related to the amount or method of compensation of Defendant's claim representatives and agents. Defendant's Thirtieth

---

[9]*Id.*

Objection is **GRANTED**.

Objection Number 31

Defendant's thirty-first objection seeks to exclude reference to any statement by any veniremen after the close of *voir dire*. Defendant's Thirty-First Objection is **GRANTED**.

Objection Number 32

Defendant's thirty-second objection seeks to bar any discussion, statement, or innuendo regarding the manner in which any other insurer handles UM/UIM claims. Defendant's Thirty-Second Objection is **GRANTED**.

Objection Number 33

Defendant's thirty-third objection seeks to bar any evidence related to any State Auto insured other than Plaintiff and bar any evidence of Defendant State Auto's handling or payment of any claim other than Plaintiff's. Defendant's Thirty-Third Objection is **GRANTED**.

Objection Number 34

In its thirty-fourth objection , Defendant seeks to prohibit Plaintiff's counsel from making any mention or suggestion that Defendant had a "duty" to give Plaintiff the benefit of the doubt in evaluating Plaintiff's claim. Defendant's Thirty-Fourth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 35

In its thirty-fifth objection, Defendant seeks to exclude any reference to any insurance policy other than the business auto policy issued to Empire Plumbing that is at issue in this case. Consistent with this Court's previous ruling on Plaintiff's Motions *in Limine*, Defendant's Thirty-Fifth

Objection is **DENIED**, to be reurged at trial if appropriate.[10]

Objection Number 36

In its thirty-sixth objection, Defendant seeks to prohibit Plaintiff's counsel from making any mention, or suggestion that Defendant or any of its representatives had a duty to "take care" of the Plaintiff. Defendant's Thirty-Sixth Objection is **GRANTED**.

Objection Number 37

In its thirty-sixth objection, Defendant seeks to prohibit Plaintiff's counsel from making any mention, or suggestion that any State Auto agents or representatives individually owed Plaintiff a duty of good faith and fair dealing. This is the duty generally owed by an insurance carrier. To the extent Plaintiff's counsel attempts to suggest that individual representatives owed Plaintiff any duty of good faith, Defendant's Thirty-Seventh Objection is **GRANTED**.

Objection Number 38

Defendant's thirty-eighth objection seeks to prohibit Plaintiff's counsel from making any mention, or suggestion to the jury that the burden of proof is anything less than the preponderance of the evidence. Defendant's Thirty-Eighth Objection is **GRANTED**.

Objection Number 39

In its thirty-ninth objection, seeks to prohibit Plaintiff's counsel from making any mention, or suggestion to the jury regarding any probable testimony of a witness who is absent, unavailable, or not called to testify. Defendant's Thirty-Ninth Objection is **GRANTED**.

Objection Number 40

In its fortieth objection, seeks to prohibit Plaintiff's counsel from making any mention, or

---

[10]*See* Opinion and Order at 4, Docket No. 316.

suggestion that Defense counsel or their firm specialize in representing th Defendant, handling insurance cases, representing insurance companies, or defending cases filed by insureds. Defendant's Fortieth Objection is **GRANTED**.

Objection Number 41

In its forty-first objection, seeks to prohibit any mention or suggestion that Defendant or any of Defendant's agents or representatives acted negligently. Defendant's Forty-First Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 42

Defendant's forty-second objection seeks to exclude the testimony of any lay witnesses concerning facts and issues in this matter, unless counsel first establishes that the witness has personal knowledge of the facts and/or issues on which the testimony is elicited. Defendant's Forty-Second Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 43

In its forty-third objection, defendant seeks to bar any evidence or argument that purports Plaintiff is owed or entitled to more than the Policy limits. Defendant's Forty-Third Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 44

In its forty-fourth objection, Defendant asks the Court to prohibit Plaintiff's counsel from mentioning or suggesting the amount of expert witness fees paid by Plaintiff, or any claim for damages relating to the amount of expert witness fees paid by Plaintiff, other than regarding any expert witness hired to assist with Plaintiff's claim. Defendant's Forty-Fourth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 45

In its forty-fifth objection, Defendant seeks to bar any testimony or evidence regarding the financial condition of any entity not a party to this lawsuit, including but not limited to State Auto Financial Corporation. Defendant's Forty-Fifth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 46

In its forty-sixth objection, Defendant seeks to prohibit any mention of or reference to any of Defendant's advertising, mottos, or slogans. Defendant's Forty-Sixth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 47

In its forty-seventh objection, Defendant seeks to prohibit any mention of or reference to any advertising of any other insurance company. Defendant's Forty-Seventh Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 48

In its forty-eighth objection, Defendant asks this Court to exclude any testimony related to whether any of Defendant's agents or representatives are "proud" f the way Defendant handled Plaintiff's claim. Defendant's Forty-Eighth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 68

Defendant's sixty-eighth objection seeks to exclude any testimony or suggestion that the jury award a sum certain in damages or a sum certain for any category of damages. Defendant's Sixty-Eighth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 69

Defendant's sixty-ninth objection seeks to exclude any testimony or evidence as to the date or date upon which Plaintiff contends Defendant breached the insurance contract. Defendant's Sixty-Ninth Objection is **DENIED**, to be reurged at trial if appropriate.

Objection Number 70

Defendant's seventieth objection seeks to exclude any testimony or evidence of medical records, medical bills, or medical treatment that Plaintiff did not disclose to Defendant. Defendant's Seventieth Objection is **GRANTED**.

**B. Defendant Motion to Exclude Plaintiff's Witness, George Hopkins**

Defendant also seeks to exclude the testimony of George Hopkins and any evidence related to Defendant's handling of Mr. Hopkin's claim. Mr. Hopkins was at one time insured by Defendant and was a litigant in another bad faith suit against Defendant. Consistent with this Court's rulings on Defendant's Objections Numbers Four, Eleven, Twelve, Thirteen, and Thirty-Three, Defendant's Motion to Exclude is **GRANTED**. The Court specifically finds that this testimony is irrelevant to the instant case, and any evidence proffered through Mr. Hopkins would be far more prejudicial than probative.

## CONCLUSION

The remainder of Defendant's Motion *in Limine* not previously ruled on is **GRANTED IN PART, DENIED IN PART**, consistent with this Order and Opinion.[11] Defendant State Auto Property and Casualty Company's Motion to Exclude Plaintiff's Witness, George Hopkins is

---

[11]Docket No. 140.

**GRANTED.**[12]

       IT IS SO ORDERED, this 24th day of July, 2012.

                                         */s/ James H. Payne*
                                         James H. Payne
                                         United States District Judge
                                         Northern District of Oklahoma

---

[12]Docket No. 317.